**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **THEODORE MORT,** | ) | 1:11-CV-1856 AWI/DLB |
| | ) | |
| **Plaintiff**, | ) | **ORDER ON DEFENDANT'S** |
| | ) | **MOTION TO DISMISS FOR** |
| v. | ) | **LACK OF SUBJECT MATTER** |
| | ) | **JURISDICTION** |
| **MACK A. GADSDEN, JR.,** | ) | |
| | ) | Doc. # 4 |
| **Defendant**. | ) | |

On October 4, 2011, plaintiff Theodore Mort ("Plaintiff") filed a "Request for Orders to Stop Harassment" (the "Request") in the Fresno County Superior Court. A copy of the Request is appended to defendant United States' ("Defendant's") Notice of Removal. Doc. # 1. The Request states that it is not a court order. While Defendant alleges the Request was not properly served on them, there is nothing in the removal documents that indicates that the Request, or any order pursuant to the Request was actually served on anyone. Defendant's memorandum in support of its motion to dismiss ambiguously states that a temporary restraining order, presumably issued pursuant to the Request, "was never served and was later dissolved." Doc. # 4-1. On October 20, 2011, a hearing was apparently conducted on Plaintiff's Request and a temporary restraining order, which was previously ordered, was "dissolved/lifted." A copy of the minute order dissolving the ordered is appended to Defendant's affidavit in support of a request for judicial notice. Doc. # 4-2. On November 4, 2011, the United States substituted as the proper party defendant based on the allegation that the named defendant, Mack A. Gadsden, Jr., is a federal employee and that the facts giving

rise to Plaintiff's request for the restraining order occurred during the course and scope of Gadsden's employment. United States removed the action to this court on November 4, 2011, and moved to dismiss on December 9, 2011. As of the date of this writing, nothing has been filed in this court by Plaintiff.

The court begins by noting that it is hard-pressed to find a case or controversy in the current set of facts. So far as the court is aware there was an application for what was essentially a restraining order, which was dissolved prior to removal of the action to this court. This court is unfamiliar with the in's and out's of injunctive practice in the state court system, but it is clear there is no currently operative pleading in this "action." United States has moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground Plaintiff has instituted an action for injunctive relief and that form of relief is not supported by the Federal Tort Claim Act.

Based on the foregoing recounting of facts known to this court, there appear to be a number of bases for a finding of no jurisdiction over this action. Pursuant to Rules 3 and 4 of the Federal Rules of Civil Procedure, an action begins in federal with the filing of a complaint and the service of a summons on the opposing party. Limits upon federal jurisdiction must not be disregarded or evaded. <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). Such documentation as the court has received fails to demonstrate that there is any "live" document that could be considered a "complaint" in this action. Further, there is no document that indicates there has been compliance with Rule 4's requirement for service of a complaint and summons on *any* defendant, let alone the proper defendant. Finally, the failure of Plaintiff make any response

1  to Defendant's removal of the action or to the instant motion to dismiss indicates to the court a
2  lack of interest by the Plaintiff in pursuing any identifiable action against either Gadsden or
3  the United States.
4       For present purposes, the court feels the best response is to dismiss this action on the
5  ground there is no present case or controversy before the court.  Where, as here, the court
6  cannot determine the nature of the action before it, the exercise of jurisdiction is improper.

8       THEREFORE, for the reasons discussed, Defendant's motion to dismiss pursuant to
9  Rule 12(b)(1) of the Federal Rules of Civil Procedure is hereby GRANTED.  The Clerk of the
10 Court shall CLOSE the CASE.

12 IT IS SO ORDERED.

14 Dated:   May 30, 2012                                                  _____
                                                                        CHIEF UNITED STATES DISTRICT JUDGE